UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT B. RATNER, | ) | CASE NO. 1:18CV2605 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FOREST CITY REALTY TRUST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #4) of Plaintiff Albert B. Ratner for Temporary Restraining Order, Preliminary Injunction and Other Injunctive Relief. Plaintiff filed his Verified Complaint on November 12, 2018 and his Motion on November 13, 2018. Defendant Forest City Realty Trust, Inc. filed its Brief in Opposition on November 14, 2018.

The Court has reviewed all of the parties' submissions, has considered the relevant law and has heard from counsel for both sides in a conference in chambers conducted this morning at 10:00 a.m.

Plaintiff's case arises out of a proposed merger of Forest City with an affiliate of

Brookfield Asset Management, Inc. Forest City filed a Proxy Statement with the Securities and Exchange Commission which was mailed to shareholders on October 12, 2018. Plaintiff alleges that the Proxy Statement includes materially inaccurate information and omits material facts in contravention of federal securities laws. The mailing announced that a special meeting would be held on November 15, 2018 at 9:30 a.m., at which time shareholders would have the opportunity to vote on the proposed deal with Brookfield.

Plaintiff seeks an order enjoining the special meeting and vote on the Merger Proposal scheduled for November 15, 2018, until thirty days after Forest City mails a corrected Proxy Statement in compliance with SEC Rule 14a-9 and resets the record date.

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods*., 134 F. 3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F. 3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F. 2d 1223, 1229 (6th Cir. 1985)), "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck*

*v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc.*, 404 F. 2d 256, 257 (6th Cir. 1968). Clear and convincing evidence must produce a firm belief about the facts to be proved. It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

Upon consideration of Plaintiff's Motion and sworn allegations and after hearing the arguments for and against issuance of injunctive relief, the Court finds that Plaintiff Albert B. Ratner has failed to establish irreparable harm and a strong likelihood of success on the merits by clear and convincing evidence.

Plaintiff's Motion (ECF DKT # 4) is denied. The Forest City shareholder vote on the Merger Proposal scheduled for tomorrow, November 15, 2018 at 9:30 a.m., shall go forward. The Court will issue a full Opinion and Order in due course.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: November 14, 2018**